IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DOMINICK DOVE, | : | |
| Plaintiff, | : | Case No. 3:23-CV-00086-TES-CHW |
| v. | : | |
| MADISON COUNTY JAIL, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendant. | : | |

### ORDER

*Pro se* Plaintiff Dominick Dove, an inmate confined in the Madison County Jail in Danielsville, Georgia filed a civil rights complaint brought under 42 U.S.C. § 1983 in the Southern District Court. ECF No. 1. Plaintiff also filed an incomplete motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff's civil action has been transferred to this Court. *See* ECF Nos. 4 and 5.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Here, Plaintiff did not submit a certified copy of his account statement showing his transactions for the previous six months, as required by the statute. Accordingly, Plaintiff is **ORDERED** to file a certified account statement signed by a jail official and a

copy of his prison trust fund account statement for the preceding six months so that the Court may properly evaluate his motion for leave to appeal *in forma pauperis*.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff states that he was arrested in May 2021 and was subsequently charged with murdering his grandfather. ECF No. 1 at 4. Plaintiff states that those charges were later dismissed. *Id*. Plaintiff is now incarcerated at the Madison County Jail for "a trafficking charge". *Id*. Plaintiff alleges that "Madison Co is harassing [him]. *Id*. Plaintiff requests that "someone please look into this or come see [him] and let [him] explain". *Id*.

Plaintiff's complaint in its present form is not sufficient to establish a § 1983 claim. First and foremost, Plaintiff's named Defendant, the Madison County Jail, is not a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit ..."); *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983

claims"). Furthermore, any claim Plaintiff may be pursuing due to his current incarceration for a "trafficking charge" is not presently actionable under §1983 while the charge remains pending in the state courts. *See Younger v. Harris*, 401 U.S. 37, 53 (1971) (federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law in State courts and will not suffer irreparable injury). The fact that Plaintiff must endure a state criminal prosecution fails to demonstrate the irreparable harm required for federal court intervention. *See Younger*, 401 U.S. at 46. Plaintiff appears to be requesting that this Court somehow investigate his allegations. The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.,* 832 F.2d 141, 141 (11th Cir. 1987); *see also Bennett v. Hall*, 2010 WL 4024006 at *2 (M.D. Ga. Sept. 13, 2010).

For the reasons set forth, this Court could dismiss Plaintiff's complaint *sua sponte* for failure to state a claim for which relief may be granted. However, because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects as explained above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam).

Plaintiff must submit an amended complaint if he wishes to proceed with his claims. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in

3

the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights.

When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions?

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury? *What* did this defendant do (or not do) in response to this knowledge?

(5) What relief do you seek from this Defendant?

Plaintiff should state his claims as simply as possible, referring only to the relevant allegations against the named defendants in this case. He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff may not join unrelated claims and defendants in a single action. A plaintiff may join defendants in one action if he asserts "any right to

relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Thus, Plaintiff must keep in mind that he may include only related claims when redrafting his complaint. Just because alleged events occur in one jail or prison does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ." If the Plaintiff wishes to pursue unrelated claims, these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

Plaintiff shall thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form.  ***The complaint must be no longer than ten (10) pages.***  Plaintiff is not to include any exhibits or attachments.  Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint.  The Court will not consider those facts contained in Plaintiff's original complaint.  Any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.  If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed. If Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed.  If Plaintiff fails to follow the instructions of this Court Order, his complaint may be dismissed. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order.").

## CONCLUSION

Presently, an initial review of Plaintiff's complaint reveals that it is subject to dismissal for failure to state a claim for which relief may be granted.  If Plaintiff wishes to proceed with this action, then he is **ORDERED** to complete and return a 42 U.S.C.

§ 1983 complaint form amending his complaint as instructed. He is further **ORDERED** to either submit a certified copy of his inmate trust fund account for the previous six months so that the Court may properly review his motion to proceed *in forma pauperis* or pay the full $402 filing fee. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his recast complaint and address the incomplete motion to proceed *in forma pauperis* as directed.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and the appropriate certification form that supports an application to proceed without prepayment of the filing fee (with the civil action number shown on all) to Plaintiff.

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order.

**SO ORDERED and DIRECTED**, this 22nd day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge