IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DOMINICK DOVE, *Plaintiff,* v. MADISON COUNTY JAIL, *Defendants.* | CIVIL ACTION NO. 3:23-cv-00086-TES-CHW |

## ORDER OF DISMISSAL

Pro se Plaintiff Dominick Dove, an inmate at the Madison County Jail in Danielsville, Georgia, filed a Complaint [Doc. 1] under 42 U.S.C. § 1983. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") [Doc. 2] but did not include the statutorily required supporting documents. On August 22, 2023, Plaintiff was ordered to recast his Complaint and was provided detailed instructions on how to do so. [Doc. 7, pp. 3–4]. Plaintiff was further ordered to either submit the statutorily required documents to support his motion to proceed IFP or pay the full filing fee. [*Id.* at p. 7]. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply would result in dismissal of this action. [*Id.*]. Plaintiff failed to respond.

Therefore, on September 22, 2023, the Court notified Plaintiff that it had not received a recast complaint and that the incomplete motion to proceed IFP had not been addressed. [Doc. 8, p. 1]. The Court ordered Plaintiff to show cause why this action

should not be dismissed for failure to comply with the Court's previous order. [*Id.*]. The Court unambiguously informed Plaintiff that this action would be dismissed if he failed to comply with this Court's orders. [*Id.* at p. 2]. Plaintiff was given fourteen (14) days to respond. [*Id.* at p. 1].

As for providing the account statement, Plaintiff responded that he was having difficulty obtaining financial documents from jail officials. [Doc. 9, p. 1]. However, Plaintiff did not explain his failure to provide the Court with a recast complaint as ordered. *See* [*id.*].

On October 19, 2023, rather than recommending dismissal of this civil action for failure to comply with an order of the Court, the magistrate judge provided Plaintiff with another fourteen days to submit his recast complaint and to provide an account statement or pay the filing fee as previously ordered. [Doc. 10, pp. 2–3]. Plaintiff was also given guidance on how to acquire financial documents from jail officials and how to respond to the Court should jail officials again fail to provide a certified account statement to Plaintiff. [*Id.* at p. 2]. Lastly, Plaintiff was further cautioned that should he fail to respond to the orders of the Court, this action would be dismissed. [*Id.* at p. 3]. Plaintiff has once more failed to respond.

Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute this case, his Complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006)

("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in sua sponte dismissing without prejudice prisoner's pro se § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED**, this 7th day of November, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**